RIDGE KOELTL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

11 CV 1641

Milton C. Brown

Plaintiff,                          Case No.

- v. -

Hudson Creative Corp., Robert Gretczko, Elvire
Gretczko and Lucille Roberts Health Clubs Inc.

Defendants.

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
MAR 09 2011
U.S.D.C. S.D. N.Y.
CASHIERS

------------------------------------ X

Plaintiff Milton C. Brown, by his undersigned counsel, for his Complaint against

Defendants, alleges, upon knowledge with respect to himself and upon information and belief as

to all other matters, as follows:

### PRELIMINARY STATEMENT

1.    This action arises out of Defendants' willful and blatant infringement of Plaintiff's

copyrights in his musical compositions and related claims under state law.

### THE PARTIES

2.    Plaintiff Milton C. Brown is an individual residing in Queens County, New York.  Mr.

Brown is a music composer.

3.    Defendant Hudson Creative Corp. ("Hudson Creative") is a New York Corporation

having its principal place of business at 35 Hudson Street, Yonkers, New York 10701.

1

4.   Defendants Robert Gretczko and Elvire Gretczko are individuals residing at 87 Gramatan Drive, Apt. 2802, Yonkers, New York 10701.

5.   Defendant Lucille Roberts Health Clubs Inc. ("Lucille Roberts Health Clubs") is a New York corporation having its principal place of business at 4 East 80th Street, New York, New York 10021.

## JURISDICTION AND VENUE

6.   This action asserts claims arising under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court also has subject matter jurisdiction over Plaintiff's state law claims pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## RELEVANT FACTS

9.   Plaintiff Milton C. Brown was known by Mr. Gretczko as a music composer.

10.  In or about the fall of 2006, Mr. Gretczko approached Mr. Brown in Mr. Brown's capacity as a music composer and told Mr. Brown that he was trying to secure a contract for an ad campaign with Lucille Roberts Health Clubs.

11.  Mr. Gretczko then told Mr. Brown that he required eight musical compositions with a length of thirty seconds each for the ad campaign.

12.    Mr. Gretczko agreed that, if Mr. Brown provided the eight requested musical
       compositions, he would submit them to Lucille Roberts Health Clubs for its consideration
       in connection with its ad campaign and that there would be no use of Mr. Brown's
       musical compositions by Lucille Roberts Health Clubs unless and until a license or sale
       of the musical compositions from Mr. Brown to Lucille Roberts Health Clubs occurred.

13.    Mr. Brown composed eight new musical compositions and, subject to the agreement
       between Mr. Brown and Mr. Gretczko, provided them, together with two musical
       compositions he composed previously, to Mr. Grectczko. Mr. Grectczko then selected
       eight of those musical compositions to submit to Lucille Roberts Health Clubs.

14.    Mr. Brown registered his copyrights in the eight musical compositions that were
       submitted to Lucille Roberts Health Club with the United States Copyright Office
       (Registration No. PAu3-096-812, Registered January 5, 2007).

15.    After providing the eight musical compositions to Mr. Gretczko in the fall of 2006, it
       became difficult for the Mr. Brown to contact Mr. Gretczko.

16.    After several heated emails from Mr. Brown to Mr. Gretczko, Mr. Gretczko's wife -
       Defendant Elvire Gretczko - called Mr. Brown and advised him that she was in charge of
       handling the musical compositions that Mr. Brown had submitted to Mr. Gretczko,
       pursuant to the agreement between Mr. Brown and Mr. Gretczko.

17.    Ms. Gretczko then told the Mr. Brown that she and Mr. Gretczko were having difficulties
       with Lucille Roberts Health Clubs.

18.    Mr. Brown heard nothing from Mr. or Ms. Gretczko until the early summer of 2009 when

Ms. Gretczko contacted Mr. Brown and told him that Mr. Gretczko needed more music

and that Mr. Gretczko would call him.

19.    Mr. Gretczko thereafter called Mr. Brown and left voicemails including a telephone

number at which he could be reached.

20.    When the Mr. Brown called the number left by Mr. Gretczko he reached Defendant

Hudson Creative.  However, notwithstanding Mr. Brown making several calls and emails

to Mr. Gretczko, Mr. Gretczko never responded.

21.    Later in 2009, since there had been no contact from any of the Defendants, Mr. Brown

started a new project and elected to use one of the eight musical compositions that had

been submitted to Lucille Roberts Health Clubs.

22.    Then, on December 1, 2009, Mr. Brown was notified by an artist he was working with for

the new project that she had just heard Mr. Brown's musical composition on television on

channel 11 (WPIX and/or Warner) as part of a commercial for Lucille Roberts Health

Clubs.

23.    After being notified that his musical compositions were being used by Lucille Roberts

Health Clubs in its commercials, Mr. Brown located Lucille Roberts Health Clubs'

website and confirmed that Lucille Roberts Health Clubs was, indeed, using his musical

compositions even though it had not licensed or purchased any of them.

24.    Thereafter, on December 2, 2009, Mr. Brown reviewed Hudson Creative's website and

discovered that his musical compositions were being used in numerous Lucille Roberts

4

Health Clubs' television advertisements, which Hudson Creative had posted on, and distributed through, its website.

25. During the weekend of December 5 and 6, 2009, Mr. Brown further discovered that Lucille Roberts Health Clubs advertisements using his compositions were being aired on television channel 5 (Fox).

26. Mr. Brown has never consented to or agreed to the use of his musical compositions in Lucille Roberts Health Clubs' advertisements and Mr. Brown has never licensed or sold his musical compositions to any of the Defendants.

27. Advertisements for Lucille Roberts Health Clubs using Mr. Brown's copyrighted musical compositions continue to be posted on Hudson Creative's website.  In addition, Lucille Roberts Health Clubs' advertisements using Mr. Brown's copyrighted musical compositions remain posted on, and distributed through, other websites—including Lucille Roberts Health Clubs' page on www.youtube.com (http://www.youtube.com/user/lucilleroberts1#p/u).

## COUNT ONE – COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 et seq.)

28. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 to 27, inclusive, and incorporates them by reference.

29. By their actions alleged above, Defendants Robert Gretczko, Elvire Gretczko, Hudson Creative and Lucille Roberts Health Clubs have infringed and will continue to infringe Mr. Brown's copyrights in his musical compositions.

5

30.    Defendants Robert Gretczko, Elvire Gretczko, Hudson Creative and Lucille Roberts
Health Clubs have engaged in this conduct willfully and with complete disregard for
Plaintiff's rights.

31.    Defendants Robert Gretczko, Elvire Gretczko, Hudson Creative and Lucille Roberts
Health Clubs have and will continue to cause Plaintiff irreparable harm for which there is
no adequate remedy at law.

## COUNT TWO –BREACH OF CONTRACT
### (New York Common Law)

32.    Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 to 31,
inclusive, and incorporates them by reference.

33.    Plaintiff and Mr. Robert Gretczko entered into an agreement pursuant to which Plaintiff
provided to Mr. Gretczko eight musical compositions, subject to the terms and conditions
set forth above.

34.    Defendant Robert Gretczko breached said agreement with Plaintiff with regard to
Plaintiff's eight musical compositions resulting in the unauthorized use of those
compositions by Defendants Lucille Roberts Health Clubs and Hudson Creative.

35.    Plaintiff has been damaged by the acts and/or omissions of Defendant Robert Gretczko
by breaching said agreement in an amount to be determined at trial.

## COUNT THREE – UNJUST ENRICHMENT
### (New York Common Law)

36.    Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 to 35,
inclusive, and incorporates them by reference.

37.    Defendants Robert Gretczko, Elvire Gretczko, Hudson Creative and Lucille Roberts
       Health Clubs were enriched at Plaintiff's expense by their respective use of Plaintiff's
       eight copyrighted musical compositions without the agreement or consent of Plaintiff.

38.    On information and belief, Defendants Robert Gretczko, Elvire Gretczko, and Hudson
       Creative were enriched at Plaintiff's expense by receiving money and/or other
       compensation from Defendant Lucille Roberts Health Clubs and/or others for Plaintiff's
       musical compositions without the agreement or consent of Plaintiff.

39.    It is against equity and good conscience to permit the Defendants to retain the profits
       resulting from their respective uses of Plaintiff's said eight musical compositions.

### COUNT FOUR-FRAUD IN THE INDUCEMENT
### (New York Common Law)

40.    Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 to 39,
       inclusive, and incorporates them by reference.

41.    The Plaintiff and Defendant Robert Gretczko entered into an agreement pursuant to
       which Plaintiff provided to Mr. Gretczko eight musical compositions, subject to the terms
       and conditions set forth hereinabove.

42.    Upon information and belief, at the time that the agreement was entered into, by and
       between Defendant Robert Gretczko and Plaintiff, Mr. Gretczko materially
       misrepresented to Plaintiff that he would adhere to the terms and conditions of their
       agreement and Mr. Gretczko intended to deceive Plaintiff in order to obtain Plaintiff's
       said eight musical composition.

7

43.   Defendant Robert Gretczko thereby fraudulently induced Plaintiff to enter into said agreement.

44.   Plaintiff was induced to deliver to Defendant Robert Gretczko the herein referred to eight musical compositions by the material misrepresentations of Defendant Robert Gretczko.

45.   But for the material misrepresentations of Mr. Gretczko, Plaintiff would have never delivered said eight musical compositions to Mr. Gretczko.

46.   Plaintiff has been damaged by the material misrepresentations of Defendant Robert Gretczko in an amount to be determined at trial.

47.   Plaintiff demands punitive damages from Defendant Robert Gretczko in an amount to be determined at trial.

## COUNT FIVE– CONVERSION
### (New York Common Law)

48.   Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 to 47, inclusive, and incorporates them by reference.

49.   Plaintiff has copyright ownership rights over said eight musical compositions.

50.   The Plaintiff and Defendant Robert Gretczko entered into an agreement pursuant to which Plaintiff provided to Mr. Gretczko said eight musical compositions, subject to the terms and conditions set forth hereinabove.

51.   Upon information and belief, at the time that the agreement was entered into, by and between Mr. Gretczko and Plaintiff, Mr. Gretczko had no intention of honoring or

abiding by it and materially misrepresented to the Plaintiff that he would adhere to the terms and conditions of their agreement.

52.   Plaintiff was induced to deliver to Defendant Robert Gretczko said eight musical compositions by the material misrepresentations of Defendant Robert Gretczko.

53.   But for the material misrepresentations of Mr. Gretczko, Plaintiff would not have delivered said eight musical compositions to Mr. Gretczko.

54.   Defendant Robert Gretczko took ownership and control of Plaintiff's said eight musical compositions and obtained money and/or other benefits from his use of these compositions without the agreement or consent of the Plaintiff.

55.   Plaintiff has been damaged by the material misrepresentations of Defendant Robert Gretczko in an amount to be determined at trial.

56.   Plaintiff demands punitive damages from Defendant Robert Gretczko in an amount to be determined at trial.

## COUNT SIX–UNFAIR COMPETITION
### (New York Common Law)

57.   Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 to 56, inclusive, and incorporates them by reference.

58.   Plaintiff and Defendant Robert Gretczko entered into an agreement pursuant to which Plaintiff provided to Mr. Gretczko said eight musical compositions, subject to the terms and conditions set forth above.

59.  Upon information and belief, at the time that the agreement was entered into, by and between Mr. Gretczko and Plaintiff, Mr. Gretczko had no intention of honoring or abiding by it and materially misrepresented to Plaintiff that he would adhere to the terms and conditions of their agreement and thereby induced Plaintiff to enter into said agreement.

60.  Plaintiff was induced to deliver to Defendant Robert Gretczko said eight musical compositions by the material misrepresentations of Mr. Gretczko.

61.  But for the material and deceptive misrepresentations of Defendant Robert Gretczko, Plaintiff would not have delivered said eight musical compositions to him.

62.  Defendant Robert Gretzko misappropriated the fruit of Plaintiff's labors and expenditures by obtaining access to Plaintiff's said eight musical compositions through fraud or deception.

63.  The Plaintiff has been damaged by that misappropriation in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Milton C. Brown respectfully prays for relief against Defendants as follows:

(1)  On the First Count, against Defendants Hudson Creative, Robert Gretzko, Elvire Gretzko and Lucille Roberts Health Clubs and in favor of Plaintiff:

10

a. That the Court find that Defendants have infringed Plaintiff's copyrights in some or all of the eight musical compositions identified in Copyright Registration No. PAu3-096-812;

b. For a permanent injunction restraining Defendants, its officers, agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with them, from directly or indirectly infringing Plaintiff's copyrights, including, but not limited to copying, publishing or distributing any of Plaintiff's eight musical compositions identified above, or any works derived or copied from Plaintiff's copyrighted works and from participating or assisting in any such activity;

c. That the Court enter judgment for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for any profits, gains or advantages attributable to infringements of Plaintiff's copyrights;

d. That the Court under judgment for plaintiff and against Defendants for Plaintiff's costs and attorneys' fees;

e. That the Court enter judgment for Plaintiff and against Defendants for statutory damages, including enhanced damages, based upon Defendants' acts of infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.;*

(2)    On the Second Count, against Defendant Robert Gretczko and in favor of Plaintiff:

a. That the Court find that Defendant Robert Gretczko has breached his contract with the Plaintiff;

b. That the Court enter judgment for Plaintiff and against Defendant Robert Gretczko for Plaintiff's damages allowed by law according to proof;

(3)    On the Third Count, against Defendants Robert Gretczko, Elvire Gretczko, Hudson Creative and Lucille Roberts Health Clubs and in favor of Plaintiff:

11

a.  That the Court find that Defendants Robert Gretczko, Elvire Gretczko, Hudson Creative and Lucille Roberts Health Clubs were unjustly enriched at the Plaintiff's expense;

b.  That the Court enter judgment for Plaintiff and against Defendants Robert Gretczko, Elvire Gretczko, Hudson Creative and Lucille Roberts Health Clubs for Plaintiff's damages allowed by law according to proof;

(4)  On the Fourth Count, against Defendant Robert Gretczko and in favor of Plaintiff:

a.  That the Court find that Defendant Robert Gretczko has engaged in fraud in the inducement;

b.  That the Court enter judgment for Plaintiff and against Defendant Robert Gretczko for Plaintiff's damages allowed by law according to proof;

c.  That the Court enter judgment for Plaintiff and against Defendant Robert Gretczko for punitive damages;

(5)  On the Fifth Count, against Defendant Robert Gretczko and in favor of Plaintiff:

a.  That the Court find that Defendant Robert Gretczko has engaged in conversion;

b.  That the Court enter judgment for Plaintiff and against Defendant Robert Gretczko for Plaintiff's damages allowed by law according to proof;

(6)  On the Sixth Count, against Defendant Robert Gretczko and in favor of Plaintiff:

a.  That the Court find that Defendant Robert Gretczko has engaged in unfair competition;

b.  That the Court enter judgment for Plaintiff and against Defendant Robert Gretczko for Plaintiff's damages allowed by law according to proof;

(7)  That the Court grant an award of Plaintiff's costs and disbursements of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

(8) That the Court grant such other, further, and different relief as the Court deems just and
proper.

### DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of
any issues so triable by right.


Dated: 03/09/2011                                    Respectfully submitted

                                            By: _____/s/_____
                                                 Kenneth L. Stein (KS6592)
                                                 Iuliana Tanase (IT2561)
                                                 STROOCK & STROOCK & LAVAN LLP
                                                 180 Maiden Lane
                                                 New York, NY 10038
                                                 Tel:  (212) 806-5400
                                                 Fax: (212) 806-6006
                                                 Email: kstein@stroock.com
                                                 Email: itanase@stroock.com

                                                 ATTORNEYS FOR PLAINTIFF MILTON
                                                 C. BROWN